

**MANDATE**

25-861-cv
Calce v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-six.

PRESENT:  BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
*Circuit Judges*.

------------------------------------------------------------------

NUNZIO CALCE, SHAYA GREENFIELD, RAYMOND PEZZOLI, SECOND AMENDMENT FOUNDATION, FIREARMS POLICY COALITION, INC., ALLEN CHAN, AMANDA KENNEDY,

*Plaintiffs-Appellants*,

v.                                                  No. 25-861-cv

JESSICA TISCH, in her official capacity as Commissioner of the New York City Police Department, CITY OF NEW YORK,

MANDATE ISSUED ON 05/05/2026

*Defendants-Appellees.*

----------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS:

WILLIAM V. BERGSTROM (David H. Thompson, Peter A. Patterson, *on the brief*), Cooper & Kirk, PLLC, Washington, DC

FOR DEFENDANTS-APPELLEES:

ELINA DRUKER (Richard Dearing, Ingrid R. Gustafson, *on the brief*), Of Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs Nunzio Calce, Allen Chan, Shaya Greenfield, Amanda Kennedy, Raymond Pezzoli, the Second Amendment Foundation, and the Firearms Policy Coalition, Inc., (together, "Plaintiffs") bring this action against the City of New York and Jessica Tisch, in her official capacity as Commissioner of the New York City Police Department (together, "Defendants"). Plaintiffs challenge under the

2

Second Amendment the constitutionality of N.Y. Penal Law § 265.01 and N.Y.C. Admin. Code § 10-135, New York State and City laws that prohibit the possession of electronic weapons, such as stun guns and tasers. Plaintiffs appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*) "denying Plaintiffs' motion for summary judgment and granting Defendants' cross-motion for summary judgment." App'x at 497. We review *de novo* a district court's award of summary judgment. *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 254 (2d Cir. 2015). We assume the parties' familiarity with the underlying facts and record.

The District Court held that summary judgment was appropriate because Plaintiffs failed to establish that a genuine dispute of material fact existed as to the constitutionality of N.Y. Penal Law § 265.01 or N.Y.C. Admin. Code § 10-135 under the Second Amendment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Specifically, the court concluded that Plaintiffs "failed to provide any evidence that stun guns and tasers are in common use" and therefore, on the summary judgment record before it, "no reasonable jury could return a verdict that stun guns and tasers are presumptively protected by the Second Amendment." Spec. App'x at 20 (quotation marks omitted). We agree.

3

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. To determine whether a law regulating the possession of a weapon violates an individual's exercise of their Second Amendment right, the Supreme Court set out a two-step framework in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*. *See* 597 U.S. 1, 19-24 (2022); *Antonyuk v. James*, 120 F.4th 941, 964 (2d Cir. 2024). Under this framework, at step one a reviewing court must look to whether the Second Amendment's plain text as historically understood covers an individual's conduct, and if it does, then the Constitution presumptively protects that conduct. *See Antonyuk*, 120 F.4th at 964; *United States v. Gomez*, 159 F.4th 172, 176 (2d Cir. 2025). Then, at step two the "government must . . . justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Antonyuk*, 120 F.4th at 964 (quotation marks omitted).

To determine under step one whether the Second Amendment's plain text covers certain conduct, this Court looks to: whether the weapons at issue are "weapons in common use today for self-defense" and whether the conduct at issue implicates the right to armed self-defense. *Gomez*, 159 F.4th at 177-78 (quotation

4

marks omitted).  Plaintiffs bear the burden of proof on both of these inquiries.  *See id.* at 178; *Nat'l Ass'n for Gun Rts. v. Lamont*, 153 F.4th 213, 229 (2d Cir. 2025).

This appeal really concerns Rule 56 of the Federal Rules of Civil Procedure, which governs motions for summary judgment.  Under Rule 56, Plaintiffs failed to adduce evidence to satisfy *Bruen* step one.  In other words, their submissions opposing Defendants' cross-motion for summary judgment were insufficient to establish that the "weapons [are] in common use today for self-defense."  *Gomez*, 159 F.4th 177 (quotation marks omitted).  Instead of introducing the required evidence before the trial court, Plaintiffs cited a slew of non-binding cases and a concurrence by Justice Alito, which cites a Michigan Court of Appeals decision relying on a 2009 law review article, for the proposition that "stun guns are common."  Now, for the first time on appeal, Plaintiffs cite additional materials that were not introduced below, including newspaper articles from the 1980s, a New York Post article, and a Congressional Research Service Report that references a large increase in civilian purchases of stun guns from 2019 to 2020.  They failed to introduce these materials in the district court and we decline to consider them now.  The materials they do cite are miscellaneous bits and pieces insufficient to establish that stun guns and tasers are in common use for lawful

purposes. We have been clear that plaintiffs cannot "rely on conclusory allegations or unsubstantiated speculation" in opposition to summary judgment. *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). This is a basic requirement under Rule 56. Here, Plaintiffs have submitted no evidence establishing common use for lawful purposes, let alone sufficient "evidence from which a jury might return a verdict in [their] favor." *Anderson*, 477 U.S. at 257.

Therefore, because Plaintiffs failed to provide evidence that stun guns and tasers are in common use for lawful purposes, they have failed in this case to carry their burden at step one of the *Bruen* analysis, and summary judgment in favor of Defendants was appropriate. *See Giannullo v. City of New York*, 322 F.3d 139, 141 n.2 (2d Cir. 2003) ("[A] defendant may move for summary judgment on the ground that the plaintiff has failed to adduce any evidence of an element of plaintiff's claim, and if the plaintiff fails in response to . . . adduce such evidence, defendant, without more, will prevail.").

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7